AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2025

SEAN F. McAVOY, CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JOSE ELPIDIO SOLORIO-BEJAR | ) | Case No. 4:25-mj-07173-ACE |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 17, 2025 in the county of Benton in the Eastern District of Washington, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Katlin Standiford, SA, ATF
*Printed name and title*

☑ Sworn to telephonically and signed electronically
☐ Sworn to before me and signed in my presence.

Date: 10/21/2025

*Judge's signature*

City and state: Yakima, Washington    ALEXANDER C. EKSTROM, U.S. Magistrate Judge
*Printed name and title*

AUSA: BLP    COUNTY: BENTON

*AUSA: BLP*

*County: Benton*

*In Re: Affidavit in Support of Criminal Complaint for Jose Elpidio SOLORIO-BEJAR*

## COMPLAINT AFFIDAVIT

I, Katlin Standiford, being duly sworn, do hereby depose and state:

## INTRODUCTION

1. This Complaint arises out of an investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") regarding a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). (Felon in Possession of Ammunition) that occurred on September 17, 2025. The subject of this Complaint arises from a search incident to arrest conducted by the West Richland Police Department (Case Number 2025-00009024).

2. I have probable cause to believe that on September 17, 2025, Jose Elpidio SOLORIO-BEJAR ("BEJAR"), who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed ammunition, and that said ammunition had been transported from one state to another.

3. This Affidavit is submitted in support of a complaint against BEJAR for possession of ammunition as a prohibited person, in violation of 18 U.S.C. § 922(g)(1), within the Eastern District of Washington.

## AFFIANT'S QUALIFICATIONS, TRAINING AND EXPERIENCE

4. I, Katlin M. Standiford, Affiant, am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and I have been so since December of 2020.  As such, I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

5. My experience includes completion of the Criminal Investigator Training Program and ATF Special Agent Basic Training, located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.  Formal training received at FLETC included constitutional law, violations of federal firearm and controlled substance laws, interviewing techniques, arrest procedures, search warrant applications, the execution of federal warrants, fire and explosives investigation, and various other criminal procedures.

6. Prior to my tenure as a/an ATF Special Agent, I completed 7 and a half years as an active-duty Intelligence Specialist with the United States Coast Guard.  After leaving active duty in 2017, I transitioned to the Coast Guard Reserve where I still currently serve.  I have 3 years' experience as a Crime and Intelligence Analyst with the Yakima Police Department.

7. I have received additional specialized training from United States Coast Guard, Northwest Gang Investigators Association, Northwest Regional Crime Analyst Network, Washington State Narcotics Investigators Association, and Office of Director of National Intelligence (ODNI).  Altogether, these courses have taught me about assembling and analyzing multi-source tactical, operational, and strategic intelligence, as well as a

thorough understanding of criminal organizations specifically; prison and criminal street gang histories, ideologies, current gang behavior, and criminal investigations of gang members engaged in numerous types of criminal law violations, to include violations of Title 18 and Title 21 of the United States Code.

8. As part of my duties with ATF, I have received specialized training on firearms interstate nexuses. I render advice and assistance to law enforcement officers employed by the Federal, State, County and Local police agencies as well as to Special Agents of the ATF concerning the identification, origin, markings, function, and history of firearms. I prepare reports relating to the identification, origin, and classification of firearms and ammunition under the provisions of federal law. I have acquired knowledge and experience regarding firearms and ammunition to include the interstate nexus of firearms and ammunition, due to having conducted numerous investigations along with conducting research, review of records, and conferring with other experts.

## PROBABLE CAUSE

9. Jose Elpidio Solorio-Bejar ("BEJAR") is a Hispanic male born 03/04/1987, Washington State Identification #WA22882667, FBI #580837JC2. In 2013, BEJAR was sentenced for violations of 21 U.S.C. §§ 841, 846 and 18 U.S.C § 2 – Conspiracy to Distribute Actual Methamphetamine and Aiding and Abetting, in the District Court for the Eastern District of Washington, Case No. 2:110CR-06072-SAB-2. BEJAR was sentenced to 126 months of imprisonment followed by 60 months of supervised release. In March of 2024 BEJAR was sentenced for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) – Felon in Possession of Firearm and Ammunition, in the District

Court for the Eastern District of Washington, Case No. 4:23-CR-6003-SAB. BEJAR was sentenced to time served and supervised released for a term of 3 years. On 09/02/2025, an arrest warrant was issued for BEJAR for a supervised release violation.

10. On 9/17/2025 at approximately 0233, West Richland Police Department Officer Aydan Fisher observed a 2009 silver Acura TL bearing Washington License Plate AJH2870 (SUSPECT VEHICLE), traveling northbound on Bombing Range Rd, in the City of West Richland, located in the EDWA. Officer Fisher observed the SUSPECT VEHICLE to have a defective plate light and subsequently conducted a traffic stop. There were two individuals in the vehicle at the time of traffic stop. The driver of the vehicle was identified as BEJAR.

11. Upon contact with BEJAR, Officer Fisher identified himself, advised BEJAR of the reason for the stop. Through the course of the stop Officer Fisher determined there was an active warrant for BEJAR. Officer Fisher and Officer Cassandra Martinez, who had arrived on scene, approached the driver's window, and Officer Fisher notified BEJAR there was an active warrant for his arrest and that he was being detained until the warrant was confirmed.

12. Bejar was compliant with the Officers commands, he exited the vehicle and was placed into handcuffs. A search incident to arrest was conducted, and Officer Fisher found a 40-caliber bullet in BEJAR'S front right jean pant pocket. I've examined the ammunition recovered from BEJAR'S jean pocket and on 10/8/2025, I emailed Technical Service Representative Perry Laney with CCI/Speer/Alliant, regarding the manufacture location of the 40 caliber S&W Speer ammunition. Mr. Laney was provided a photograph of

the headstamp of the ammunition recovered from BEJAR and confirmed via email that the ammunition was manufactured in Lewiston, Idaho.

## CONCLUSION

13. I believe, based on my training, experience, and knowledge of this investigation, including the facts set forth above, that prior to September 17, 2025, BEJAR had been convicted of a crime punishable by imprisonment for a term exceeding one year, that BEJAR knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, and that the ammunition found in BEJAR's possession had traveled from one state to another, all in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

14. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted:

_____
Special Agent Katlin M. Standiford, ATF

SUBSCRIBED electronically and SWORN telephonically the day of October  21st, 2025.

_____
Alexander C. Ekstrom
United States Magistrate Judge